■ In the Matter of DANIEL S. SINGER, Appellant, v PETER A. A. BERLE, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered May 3, 1977 in Ulster County, which dismissed a portion of petitioner's application, in a proceeding pursuant to CPLR article 78, to invalidate a revised duty statement issued by the Department of Environmental Conservation. Petitioner is a Forest Ranger employed by the New York State Department of Environmental Conservation (DEC), having been appointed to that position in 1964. As a Forest Ranger, his duties were generally concerned with forest fire prevention and control and, insofar as law enforcement activity was involved, those duties were specifically limited to matters relating to forest fire control. His position is not listed in the Criminal Procedure Law as being that of a "Police officer" or a "Peace officer" authorized to carry firearms without a license (CPL 1.20, subds 33, 34). In May of 1976, petitioner was assigned to a campsite security detail for the Memorial Day weekend to maintain law and order on State-owned campgrounds. This contemplated enforcement of the Penal Law, and he was directed to bring a service revolver with him in performance of that task. However, petitioner was not licensed to carry a service revolver, although he did possess a license to carry his own handgun. It was his contention that such an assignment fell beyond the proper scope of his employment as a Forest Ranger. We agree. Special Term, granting partial relief, reasoned that such an assignment was invalid because it would necessitate the violation of sections 265.01 and 265.02 of the Penal Law (criminal possession of a weapon). However, it did not go so far as to invalidate the directive, termed a duty statement, in its entirety since the firearm aspect was later revised and conditioned upon a further requirement that the Forest Ranger "qualify" before carrying a weapon. On this appeal by petitioner, we reject this latter determination and grant his petition. While the Environmental Conservation Law empowers DEC to designate employees as peace officers for the purpose of enforcing certain provisions of that statute (ECL 71-0705), it is specifically restricted to enforcement of the provisions of article 9 of the Environmental Conservation Law, entitled "Lands and Forests", which provides, in applicable part, as follows: "For the purpose of carrying out the provisions of this article the department shall have the power, duty and authority to: 1. Exercise care, custody and control of the several preserves,

parks and other state lands described in this article. 2. Establish, acquire, control and manage state parks, historic sites and parkways in the forest preserve counties within the sixth park region as defined in section 41-0101 and to acquire lands for such purposes when moneys have been appropriated therefor." (ECL 9-0105.) There is no provision in article 9 incorporating any portion of the Penal Law by reference or making its enforcement a special function of a DEC Forest Ranger. Accordingly, what has not been delegated by the Legislature, cannot be assumed by administrative fiat. Moreover, there is a group of employees within DEC, engaged as police officers, who can and do validly enforce provisions of the Penal Law; namely, Environmental Conservation Officers. They are adequately trained and purposely equipped to carry out such responsibilities. Under these circumstances, it would be irrational to thrust campsite security duties involving the full range of potential Penal Law violations upon a Forest Ranger whose legal powers are statutorily limited. Judgment modified, on the law and the facts, by granting the petition in its entirety, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.